**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.L.**

**No. 22-597** (Harrison County 22-JA-3-2)

**MEMORANDUM DECISION**

Petitioner Father D.L.[1] appeals the Circuit Court of Harrison County's June 2, 2022, order terminating his parental and custodial rights to J.L.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January of 2022, the DHHR filed a petition alleging that the mother tested positive for multiple drugs, including methamphetamine, when she gave birth to the child. The petition further alleged that petitioner admitted he was aware the mother abused drugs during the pregnancy. Finally, the petition alleged that petitioner's parental rights to an older child were previously involuntarily terminated. The record indicates that this prior termination was based on substance abuse and incarceration.

Shortly after the petition's filing, petitioner was incarcerated for a parole violation and remained incarcerated throughout the proceedings. At an adjudicatory hearing in March of 2022, the court found that petitioner had not had a substantial change in circumstances since the prior termination of his parental rights and that he knew the mother abused drugs during her pregnancy. As such, the court adjudicated petitioner as a neglecting parent.

Following this hearing, petitioner underwent a psychological evaluation and moved for a post-adjudicatory improvement period. In May of 2022, the court held a dispositional hearing. The court detailed petitioner's admissions during his psychological evaluation, including the fact

---

[1]Petitioner appears by counsel Jenna L. Robey. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Allison S. McClure appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

that his drug abuse began thirteen years prior; that he abused a range of drugs, including fentanyl; and that he had overdosed approximately ten times. The court found that petitioner failed to prove that he was likely to fully participate in an improvement period based, in part, upon his history of noncompliance, and therefore denied his motion for the same. The court further found that petitioner had not remedied the conditions that led to the involuntary termination of his parental rights to the older child, as his "substance abuse . . . was a problem during his prior . . . case, and he continued to abuse drugs after the termination of parental rights." The court noted that incarceration remained an issue across both cases. Accordingly, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his rights was necessary for the child's welfare. The court then terminated petitioner's parental and custodial rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Petitioner is correct that in order to obtain a post-adjudicatory improvement period, he was required to "demonstrate[], by clear and convincing evidence, that . . . [he was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). Before this Court, petitioner simply asserts that his motion indicated he would substantially comply with the terms thereof, and he fails to cite to any evidence he presented below to support this assertion. On the contrary, the circuit court found that petitioner's history of noncompliance demonstrated that he would be unlikely to fully comply or correct the conditions of neglect at issue. The court noted that petitioner was granted an improvement period in the prior proceeding, yet he failed to remedy his substance abuse and incarceration. Given that these issues persisted across two proceedings, we find no abuse of discretion in denying petitioner's motion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting circuit court discretion to deny improvement period when no improvement is likely). Further, petitioner argues that the child's permanency would not be delayed because the mother was participating in an improvement period at the time. However, the fact that the mother satisfied her burden for obtaining an improvement period has no bearing on whether petitioner satisfied his burden and cannot entitle petitioner to relief.

Next, petitioner argues that it was error to terminate his rights when the court could have merely "suspended" his rights under West Virginia Code § 49-4-604(c)(5). We find this argument unavailing because, as the circuit court found, this young child requires a more permanent outcome. As the circuit court noted,

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age

---

[3]According to respondents, the mother is participating in an improvement period, and the child has been returned to her physical custody with a permanency plan of reunification with her.

of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The court was correct in finding that termination of petitioner's parental and custodial rights was necessary to obtain the permanency needed for the child's development, especially considering the issues of neglect present in this case were also the basis for the termination of petitioner's parental rights to an older child.

Before this Court, petitioner argues that there was a reasonable likelihood that he could correct his neglectful conditions, but their chronic nature demonstrates that the court had sufficient evidence upon which to find that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. Petitioner also argues that termination of his rights was not necessary for the child's welfare because the child was placed with a relative, but this fact does nothing to undermine the court's findings concerning the child's need for permanency. In short, the court had a sufficient basis upon which to make the findings necessary to terminate petitioner's parental and custodial rights.[4] *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and custodial rights upon finding no reasonable likelihood that conditions of neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental and custodial rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 2, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]In this assignment of error, petitioner also alleges that it was error to deny him post-termination visitation with the child. However, petitioner provides no argument in support of this assertion. Accordingly, we decline to address this unsupported assertion. *See* W. Va. R. App. P. 10(c) (requiring brief to contain "an argument exhibiting clearly the points of fact and law presented. . . and citing the authorities relied on").